THOMAS C. ROBERTSON, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

The fact that R. is present and assists in the butchering of a stolen hog—at the request and by the direction of another, at whose house the butchering is done, he not knowing that the hog is stolen—is not sufficient to warrant a conviction of R. for simple larceny, especially when the owner comes up during the time, sees the hog, and makes no objection, nor lays any claim to the animal.

Indictment for simple larceny, in Lumpkin Superior Court. Tried before Judge RICE, at the July Term, 1860.

Thomas C. Robertson, Adeline Beck, and Sarah G. Beck, were jointly indicted in Lumpkin Superior Court, for simple larceny, consisting, as the indictment alleged, in wrongfully and fraudulently taking and carrying away a certain hog, belonging to Rice Arnold, with intent to steal the same.

The defendants elected to be tried separately, and Thomas C. Robertson was put upon his trial, upon which the following evidence was adduced, to-wit:

### EVIDENCE FOR THE STATE.

RICE ARNOLD, the prosecutor, testified: That the hog described in the indictment was in his pen with his fattening hogs, on or about the 26th of November, 1858, in the county of Lumpkin, and that it got out of the pen ; that he has not seen it since, unless he saw it on that day at Sarah Beck's house, after it was butchered; that on that day, at Sarah Beck's house, in said county, he saw a hog, fresh slaughtered and cut up, on the table; that Adeline Beck put the head of the hog, some pieces of the meat, and a portion of the leaf fat, into a sack, and took it to her house, which was in sight; that whilst she was putting the meat into the sack, she stood with her back to the witness, so that he could not see the condition of the head; that the hog mentioned in the indictment was the property of witness, and worth $5 00.

One FLOYD testified: That he was working for Rice

Arnold, and early in the morning of the 26th of November, 1858, he went from Arnold's to Sarah Beck's, some mile distant, and saw said Thomas C. Robertson, Sarah Beck, and Adeline Beck, cleaning the hog that got out of Rice Arnold's pen, which seemed to have just been killed; that the ears were cut off from the head of the hog, and seemed to be freshly done; that when he got there, they had just commenced to take the hair from the hog, and had only taken it from a place on the shoulder, about as large as the witness' two hands.

Here the State closed its testimony.

### EVIDENCE FOR DEFENDANT.

WILLIAM D. BECK testified: That he was a nephew of the defendant; that Sarah Beck is the mother of an illegitimate child, eight or ten years old, which Arnold, the prosecutor, acknowledges and recognizes as his, and has aided in the support of Sarah Beck and the child, by furnishing her with provisions; that in April, 1858, Sarah Beck sent witness to Arnold's for some corn, and Arnold said he would let her have the corn, but that he must pretend to buy it, in order to prevent suspicions on the part of Arnold's wife; that the witness refused to do so; that Arnold then said he would take a large turn of corn to the mill, and leave a portion of it for Sarah; that on the same day the witness and Arnold went by Sarah Beck's house, and she told Arnold that she had one of his shoats in the pen, to which Arnold replied, that she had nothing to feed it with, to turn it out, and he would give her a good hog in the fall.

SARAH G. BECK testified: That she is the mother of an illegitimate child, now about ten years old, of which Rice Arnold is the father, and so recognizes himself, which recognition was known to Thomas C. Robertson, Adeline Beck, and Martin Chambers, before the hog was taken; that Arnold had frequently sent her things from the store, and furnished her with meat and meal, and had left corn at the mill for her, and had given her a hog, the fall before; that

in 1857 and 1858, Arnold frequently furnished her with corn and meal, by carrying a large turn to Mr. Castleberry's mill, kept by Mr. McClane, and leaving a portion of it for her; that he frequently furnished her with meal in that way, in order to prevent his wife from knowing that he was furnishing her with meal; that he furnished her with nearly all the meal she used in 1858, in that way; that Arnold told the witness to take a good hog of his out of the woods and kill it, but to be careful not to let his wife know it; that she took this hog and put it inside of her enclosure, and asked Robertson and Adeline Beck, her brother-in-law and sister, to help her to butcher it, which they did; that she told Robertson to cut off the hog's ears to prevent it being known that it was Arnold's hog, and his wife thus find it out; that Robertson did cut off the ears, according to her direction; the witness did the same thing with the hog Arnold gave her the fall before; that Robertson got none of the meat, and what he did was an act of kindness to witness.

ADELINE BECK testified to substantially the same facts as Sarah G. Beck.

MARTIN CHAMBERS testified: That he was present and heard the conversation between Rice Arnold and William D. Beck about the corn, as testified to by William D. Beck; that in 1857, one of Rice Arnold's hogs got with old man Beck's stock, and some of the old man's family claimed it, and there was some difficulty about the hog which was not marked; Arnold said the hog was his, but that as it was not marked, he would have no contention about it, but that if they ever took any of his marked hogs, he would prosecute them; the hog the contention occurred about, was a shoat, weighing some sixty pounds; that witness aided in butchering the hog named in this prosecution, and the ears were cut off after the hog was killed and cleaned, and as they cut it up.

JAMES McCLANE testified: That he kept the mill of Mr. Castleberry for a year or more previous to November 26th, 1858, and that Arnold left a half bushel of corn at the mill for Sarah Beck, telling witness to give it to her, when she

came after it; that he ground the corn and Sarah Beck came and took it away; that this is all the corn Arnold ever left at the mill for Sarah Beck, whilst witness kept the mill.

Upon this this testimony the jury found Robertson guilty.

Counsel for Robertson then moved for a new trial on the ground:

That the jury found contrary to evidence, and greatly against the weight of evidence.

The Court refused the new trial, which is the error alleged.

MARTIN & IRWIN and LESTER, for plaintiff in error. ·

No appearance for defendant in error.

*By the Court.*—LYON, J., delivering the opinion.

We think the Court below ought to have sustained the motion for a new trial in the case, on the ground that the verdict was against the evidence. If the hog was stolen, (of which there is some doubt,) it is very clear that the defendant, Robertson, had no hand in it. The only connection he had with the matter was to assist his relative, Sarah G. Beck, in its butchering, and at her request. What he did was by her direction, and in the day time, with no attempt at any concealment, unless it was in cutting off the ears of the hog—and this was done at the request of Sarah Beck, and on such an apparently good reason, at the time, as was sufficient to have disarmed the suspicions of the most scrupulously honest. Besides, Rice Arnold, the prosecutor and owner, came up at the time, witnessed the cleaning and butchering of the hog, without objection or remark. How could Robertson believe, under the circumstances, that the hog was stolen?

Let the judgment be reversed.